# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## JANICE S. JOHNSON v. MARK L. JOHNSON

### Appeal from the Circuit Court for Davidson County
### No. 04P-1605    Randy Kennedy, Judge

---

### No. M2005-00238-COA-R9-CV - Filed March 28, 2005

---

This appeal involves the jurisdiction of the Circuit Court for Davidson County over a dispute regarding custodial accounts established for the benefit of a divorced couple's children. The father moved to dismiss the mother's suit on the ground that the Circuit Court for Williamson County where the divorce had been granted had jurisdiction over the claim. The trial court denied the motion but permitted the father to pursue an interlocutory appeal to this court. The parties have now filed a stipulation for an accelerated civil appeal in accordance with Tenn. Ct. App. R. 13. We granted the interlocutory appeal, and now we vacate the order denying the father's motion to dismiss, and remand the case to the trial court with directions to transfer the case to the Circuit Court for Williamson County.

### Tenn. R. App. 9 Interlocutory Appeal; Judgment of the Circuit Court Vacated and Remanded

WILLIAM C. KOCH, JR., P.J., M.S., WILLIAM B. CAIN, and PATRICIA J. COTTRELL, JJ., delivered the opinion of the court.

Grant C. Glassford, Franklin, Tennessee, for the appellant, Mark L. Johnson.

Andrew J. Pulliam, Nashville, Tennessee, for the appellee, Janice S. Johnson.

### MEMORANDUM OPINION[1]

Janice S. Johnson and Mark L. Johnson were divorced in the Circuit Court for Williamson County on August 14, 1998. The final divorce decree approved the parties' marital dissolution agreement which, among other things, contained detailed provisions regarding the custody,

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

visitation, and support of the parties' minor children. The marital dissolution agreement contained specific restrictions regarding the use of funds contained in several custodial accounts that Dr. Johnson had established for each of the parties' children in accordance with the Uniform Gifts to Minors Act [Tenn. Code Ann. § 35-7-201 to -226 (2001)].[2] One of these restrictions required Dr. Johnson to use the funds for the children's college education; while another restriction required him to use the funds for the use and benefit of the children.

On October 1, 2004, Ms. Johnson filed suit in the Circuit Court for Davidson County asserting that Dr. Johnson had not abided by the restrictions in the marital dissolution agreement regarding the funds in the custodial accounts. She requested that the trial court require Dr. Johnson to prepare an accounting of his expenditures from the accounts and to restore the funds that he had allegedly wrongfully taken from the accounts. Ms. Johnson also requested the court to remove Dr. Johnson as the custodian of these accounts and to replace him with a professional trustee.

Dr. Johnson moved to dismiss the complaint on December 17, 2004 on the ground that the Circuit Court for Williamson County retained jurisdiction over the dispute because it involved his compliance with the 1998 divorce decree that had been entered in Williamson County. He filed an answer on January 7, 2005, raising the same defense and denying any wrongdoing with regard to the custodial accounts. The trial court denied Dr. Johnson's motion to dismiss, and on January 18, 2005 entered an order granting him permission to pursue an interlocutory appeal to this court.

Dr. Johnson filed an application for an interlocutory appeal with this court on January 28, 2005. Ms. Johnson responded to the application on February 2, 2005. This court entered an order granting the interlocutory appeal on February 24, 2005 and staying all proceedings in the trial court pending the appeal. On March 9, 2005, Ms. Johnson requested this court to expedite the appeal on the ground that its outcome could affect the parties' oldest daughter's plans to enter college in the Fall of 2005. After receiving Dr. Johnson's response to the motion to expedite, this court conducted a Tenn. R. App. P. 33 pre-hearing conference with counsel on March 16, 2005. Thereafter, on March 23, 2005, Ms. Johnson and Dr. Johnson filed a stipulation for an accelerated civil appeal pursuant to Tenn. Ct. App. R. 13.[3]

We have determined that the trial court erred by holding that Ms. Johnson's claims could only be heard by the Seventh Circuit Court for Davidson County and by denying Dr. Johnson's motion to dismiss for lack of jurisdiction. Jurisdiction over Ms. Johnson's claims is more properly in the Circuit Court for Williamson County where the parties were divorced because much of the current dispute involves an interpretation of the divorce decree entered on August 14, 1998.

---

[2] The record indicates that two custodial funds had been established for each child at the time of the divorce and that the father established two additional accounts for each child after the divorce.

[3] The parties' Tenn. Ct. App. R. 13 stipulation does not include and should not be construed to be a voluntary dismissal pursuant to Tenn. R. Civ. P. 41 of any of the claims in Ms. Johnson's verified complaint.

Accordingly, we vacate the January 18, 2005 order and remand the case to the trial court with directions to enter an order transferring this case to the Circuit Court for Williamson County forthwith. The Circuit Court for Williamson County shall have jurisdiction and authority to hear and adjudicate all the claims contained in Ms. Johnson's verified complaint as well as any other claims raised by the parties following the transfer of the case. The costs on this appeal are taxed in equal proportions to Mark L. Johnson and his surety and to Janice S. Johnson for which execution, if necessary, may issue.

PER CURIAM